(118 App. Div. 564)

WINQUIST v. PRESTON.

(Supreme Court, Appellate Division, Fourth Department.  March 6, 1907.)

COURTS—MUNICIPAL COURTS—ADJOURNMENT.

    Under Code Civ. Proc. § 2983, providing for adjournment of cases in Justices' Courts, where commissions are issued, to afford opportunity for their execution and return, and the city charter of Buffalo, making this provision applicable to the Municipal Court, the calling of a case for trial in that court, the introduction of a commission, and an objection to its admission because not properly executed, was not such a commencement of the trial as to deprive the court of power to order an adjournment to permit the commission to be corrected.

Appeal from Special Term, Erie County.

Action by Wallace H. Winquist against James F. Preston. From an order denying a motion to set aside an order for the examination of the defendant in supplemental proceedings, and to vacate the judg-

ment upon which such proceedings were based, defendant appeals.
Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

Charles Newton, for appellant.
Peter Maul, for respondent.


WILLIAMS, J. The order should be affirmed, with $10 costs and
disbursements.

The motion in County Court was based upon the claim that the judg-
ment was void for want of jurisdiction in the Municipal Court of the
city of Buffalo to render the same. It was claimed the court lost
jurisdiction of the action by adjourning the same against defendant's
objection. The case having been adjourned from time to time by con-
sent of the parties, on May 23, 1906, it was called for trial. A com-
mission had previously been issued to take the evidence of witnesses
residing in Massachusetts, and had been returned. The plaintiff's
counsel attempted to read evidence from this commission, when ob-
jection was made by defendant's counsel that the commission was not
properly executed. The plaintiff then, before any evidence was read
from the commission or taken from other witnesses, applied for an
adjournment of the case to permit the commission to be returned to
Massachusetts for correction. The defendant objected to the adjourn-
ment upon the ground that the court had no power to adjourn at that
time; the trial having been commenced. The court overruled the
objection and adjourned the case to June 1, 1906. On the adjourned
day the defendant made no appearance, except to object to the juris-
diction of the court to proceed further in the case, having lost juris-
diction thereof by adjourning it without defendant's consent after
the trial had begun. The plaintiff made his proof and the judgment
was ordered. A transcript was filed in Erie county, and the supple-
mental proceedings were based thereon.

The question here is whether the judgment is void for want of juris-
diction in the Municipal Court, for the reason alleged. It seemed to
be assumed on the trial that the court had power to adjourn the case
to have the commission corrected, if it had been done before the trial
had commenced. There are provisions in the Code of Civil Procedure
for adjournment of cases in Justices' Courts, where commissions are
issued, to afford opportunity for the execution and return of the com-
missions (section 2983), and this provision is applicable to proceedings
in the Municipal Court of the City of Buffalo (Charter, § 456). These
provisions undoubtedly cover cases where commissions are defectively
executed and need to be returned for correction. We might be willing
to concur in the defendant's position that a case could not be ad-
journed in Justices' Courts, or in this Municipal Court, after the trial
has commenced. In this case, however, there had been really no com-
mencement of the trial. The lawyers and the court had done some
talking. Some offers, objections, and rulings had been made, but no
evidence had been taken, and we think the court correctly held that
the trial had not commenced in such a sense as to deprive the court of

the power to adjourn the case for the purpose of procuring the commission to be corrected and returned. Having arrived at this conclusion, we do not deem it essential to pass upon the other questions raised upon this appeal.

Order affirmed, with $10 costs and disbursements. All concur.